## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **DANIEL BOZIN**<br>℅ The Dann Law Firm, Co., L.P.A.<br>PO Box 6031040<br>Cleveland, OH 44103<br><br>Plaintiff,<br><br>v.<br><br>**KEYCORP d/b/a KeyBank aka Key Community Bank**<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>Defendants. | Case No.<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**With Jury Demand** |

Plaintiff Daniel Bozin ("Plaintiff"), through Counsel, and for his Complaint against Defendant KeyCorp ("Defendant"), hereby states the following:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Daniel Bozin is a natural person who resides on Van Aken Boulevard, Shaker Heights, Ohio.

2.      Defendant KEYCORP ("Key" or Defendant") is a corporation incorporated under the laws of the State of Ohio with its principal place of business located at 127 Public Square, Cleveland, Ohio 44113.   KEYCORP's primary subsidiary is KeyBank aka Key Community Bank which is a regional consumer bank operating in 15 states including Ohio.

3.      Jurisdiction is proper under 28 U.S.C. § 1331 as this action arises out of violations of the Telephone Collection Practices Act ("TCPA"), 47 U.S.C. § 227, *et al.*

4.      This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

5.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides in Ohio and all of the causes of action described herein occurred in this District.

## BACKGROUND FACTS

6.      On or about November 18, 2016 at 6:12 a.m. the Plaintiff received a call on his cell phone which begins with an area code prefix of (310) and ends with 3605 from (216)-689-3000. (the "216 number").

7.      On or about November 18, 2016 at 8:08a.m., 12:47 p.m., 1:23 p.m. and 1:39 p.m. the Plaintiff received additional calls from the 216 number.

8.      On November 19, 2016 at 6:13 a.m., 10:32 a.m., 12:31 p.m., and 1:45 p.m. the Plaintiff received additional calls from the 216 number.

9.      On November 21, 2016 at 7:35 a.m., the Plaintiff received additional calls from the 216 number.

10.     On November 22, 2016 at 6:36 a.m., 9:43 a.m., 3:04 p.m. and 5:01 pm, the Plaintiff received additional calls from the 216 number.

11.     On November 23, 2016 at 7:49 a.m. and 10:32 a.m., the Plaintiff received additional calls from the 216 number.

12.     During one of the calls on November 22 or November 23, 2016, if not upon belief during one of the other prior calls, the Plaintiff did pick up the phone and after a lengthy delay he was connected to an agent who identified themselves as calling from Key calling from a call center maintained by Key in the Philippines.

13.     During this same call the Plaintiff inquired as to what the agent was calling about and the agent identified that they were calling regarding the collection of a debt of a third party. The Plaintiff verified he had no debts with Key and asked the agent to stop contacting him.

14.    The Plaintiff was annoyed and confused as he had no debts with Key.

15.    On November 30, 2016 at 7:04 a.m. and 10:22 a.m. the Plaintiff received two more calls from the 216 number despite the conversations that took place on November 22 or November 23, 2016.

16.    On November 25, 2016 at 5:14 a.m. the Plaintiff received a call from 1-866-325-9653. (the "866" number)  Despite the early hour of the call the Plaintiff did answer the call and after a lengthy delay he was connected to an agent who identified themselves as working for Key.  The agent then stated they were calling from the Brooklyn, Ohio call center regarding a debt – a home equity line of credit - for an "Aurora Murgu".

17.    The Plaintiff was immediately upset as Aurora Murgu is his mother and he had never applied for any credit jointly with his mother with Key.  Upon belief he also did not believe his mother ever gave Key consent to contact the Plaintiff regarding her accounts.  Much like the call from the 216 number the Plaintiff requested the agent stop contacting him.

18.    Despite this conversation on November 25, 2016, the Plaintiff received calls from the 866 number on December 5, 2016 at 5:21 a.m., December 8, 2016 at 6:27 a.m., December 12, 2016 at 5:44 p.m., December 30, 2016 at 5:22 a.m. and February 20, 2017 at 11:41 a.m.

19.    Based on the actions of the Defendant, the Plaintiff seeks recovery for the claims alleged, *infra*, summarized as follows:

| COUNT STATUTE VIOLATED | SUMMARY OF CLAIM AND VIOLATIONS |
|---|---|
| **COUNT ONE**<br><br>47 U.S.C. § 227, *et seq.*<br><br>*TCPA* | Defendant's eighteen (18) calls from November 18, 2016 through November 30, 2016 from the 216 number and Defendant's six (6) calls from November 25, 2016 through February 20, 2017 from the 866 were made using an automatic telephone dialing systems or an artificial or pre-recorded voice to Plaintiff's cellular phone number for which Plaintiff was charged for each call.  Each of the |

| | |
|---|---|
| | twenty-four (24) calls was made without prior consent of the Plaintiff to receive such calls and for a debt that the Plaintiff did not owe. |
| **COUNT TWO**<br><br>47 U.S.C. § 227, *et seq.*<br><br>*TCPA* | Defendant's eighteen (18) calls from November 18, 2016 through November 30, 2016 from the 216 number and Defendant's six (6) calls from November 25, 2016 through February 20, 2017 from the 866 number were negligently made using an automatic telephone dialing systems or an artificial or pre-recorded voice to Plaintiff's cellular phone number for which Plaintiff was charged for each call. |

## COUNT ONE: VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227, *et seq.* - Knowing and/or Willful Violations of the Telephone Consumer Practices Act)

20. Plaintiff restates all allegations contained in the foregoing paragraphs in their entirety, as if fully rewritten herein.

21. 47 U.S.C. § 227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States....to make any call (other than a call made for emergency purposes or *made with the prior express consent of the called party*) using any automatic telephone dialing systems or an artificial or pre-recorded voice – to any telephone number assigned to a ….cellular telephone service....or any service for which the party is charged for the call.

22. The cell phone number described in Paragraph 6 is owned by the Plaintiff and is a telephone number assigned to a cellular telephone service for which the Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. As demonstrated in Paragraphs 7 through 11 and Paragraph 15, Defendant contacted or attempted to contact the Plaintiff at his cell phone number from (216) 689-3000 on eighteen (18) separate occasions.

24.     As demonstrated in Paragraphs 16 and 18, Defendant contacted or attempted to contact the Plaintiff at his cell phone number from 866-325-9653 on six (6) separate occasions.

25.     During all relevant times described above Defendant used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1) to place its 24 calls to Plaintiff seeking to collect on a debt allegedly owed by the Plaintiff either directly or as a co-signor.

26.     Each of the Defendant's twenty-four calls described above, *supra*, constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

27.     During all relevant times herein the Defendant did not possess Plaintiff's prior express consent to receive calls using an automatic telephone dialing system or an artificial or pre-recorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

28.     Defendant has violated 47 U.S.C. § 227 and is liable to the Plaintiff for statutory damages for each and every call and, if the Court finds the Defendant willingly and/or knowingly violated the TCPA, Plaintiff is entitled to an award of up to one thousand five hundred dollars ($1,500.00) for each call described herein.

## COUNT TWO: VIOLATIONS OF THE TCPA

**(47 U.S.C. § 227, *et seq*. - Negligent Violations of the Telephone Consumer Protection Act)**

29.     The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 28 as if fully contained herein.

30.     The foregoing acts and omissions of the Defendant constitute numerous and multiple negligence violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

31.    As a result of the Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Daniel Bozin respectfully requests for the following relief against Defendant KeyCorp:

A) For an of actual damages as alleged in Counts One and Two;

B) For an award of statutory damages of up to $1,500.00 for each of the twenty-four (24) violations alleged in Count One;

C) For an award of statutory damages of up to $500.00 for each of the twenty-four (24) violations alleged in Count Two;

D) For an award of Plaintiff's reasonable attorneys' fees and costs; and

E) For all other relief this Court may deem just and proper.

Respectfully Submitted,

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Brian D Flick (0081605)
Whitney Kaster (091540)
William Behrens (009031)
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/ Marc E. Dann*
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Whitney Kaster (091540)
William Behrens (009031)
THE DANN LAW FIRM CO., L.P.A.
*Attorneys for Plaintiff*